**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv___
[3:01cr195]**

| | |
|---|---|
| **HASSAAN HAKIM RASHAAD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody United States v. Rashaad, 3:01CR195-1 (W.D.N.C.) #144.

**I.    Initial Screening**

The court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, and finds: (1) the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C. § 2255; and (2) that petitioner has provided indicia that the petition was filed within one year of a decision of the Supreme Court, DePierre v. United States, ___ U.S. ___, 131 S.Ct. 2225 (June 9, 2011), which he contends initially recognized the right he herein asserts.  For the reasons discussed below, however, petitioner has not asserted a cognizable claim for relief cognizable under § 2255(a).

**II.    Dismissal of Petitioner's Claim Under DePierre**

In DePierre, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b) means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste, notwithstanding that the

-1-

Sentencing Commission defined "cocaine base" to mean "crack" for the purposes of the Federal Sentencing Guidelines. Id., 131 S.Ct. 2231-32. Petitioner contends that in light of DePierre, " [t]he petitioner was indicted for cocaine base. Petitioner was not found guilty beyond [a] reasonable doubt for the 'base' form of crack by jury trial." Motion (#144) at ¶ 12. Petitioner goes on to explain that "[a]lthough petitioner was indicated as previously stated for cocaine base [] [t]he base form of 'crack' was what the district court sentenced him [to] accordingly to the 100-to-1 ratio." Memorandum of Law in Support (#144-1, at3) (errors in the original).

Clearly, DePierre established that "cocaine base" as used in 21 U.S.C. § 841(b)(1) means not only crack cocaine, but all cocaine in its chemically basic form. DePierre, 131 S.Ct. at 2231– 32. Inasmuch as petitioner was found guilty of possessing with intent to distribute crack cocaine, DePierre did not decriminalize any of the conduct for which petitioner was convicted. Id., 131 S.Ct. at 2237; Arnold v. Ask-Carlson, 2012 WL 1309190 (W.D.La. March 12, 2012). While defining the term "cocaine base," DePierre does not address or specify the type of proof the government must use to prove distribution of cocaine base. Id.; McCullers v. United States, 2012 WL 1942068 (E.D.Va. May 29, 2012).[1] Thus, petitioner's claim under § 2255 is a challenge to the sufficiency of the evidence upon which his conviction was based, which is not cognizable on a motion under § 2255. Dockery v. United States, 237 F.2d 518, 519 (4th Cir.1956) (*per curiam*). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, such a claim can not go forward and the Motion to Vacate will be dismissed.

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

**III.    Conclusion**

Petitioner's DePierre contention challenges the sufficiency of the evidence upon which his conviction was based, which is not cognizable on a motion under § 2255. In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, the court has examined the motion, the attached memorandum, and the record of prior proceedings and finds that petitioner is not entitled to any relief on his DePierre contention and will dismiss such claim and the motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's claim based on DePierre and his Motion to Vacate are **DISMISSED** in accordance with Rule 4(b).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 11, 2012

Max O. Cogburn Jr.
United States District Judge