IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv361
[3:01cr195]

| | |
|---|---|
| HASSAAN HAKIM RASHAAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's "Objection to the District Court's Order as Petitioner Request Reconsideration" (#5). Deemed to be a motion for reconsideration, petitioner states that he

> believes he was clear . . . that he is not contesting the "Legality of Conviction", but expounding on the fact that the sentence was derived from the Information contained within the Indictment. As in <u>DePierre</u>, he was arguing that "proper jury instruction defines "crack", identically to the Guidelines definition . . . .
> \* \* \*
> Petitioner is not challenging his conviction, nor the sufficiency of the evidence. Petitioner was found guilty as to cocaine base by jury; however, the district court sentenced petitioner as if the jury found him guilty of 841(b)(1)(A)(iii) that carries a Statutory Mandatory Minimum of 10 years; Statutory Maximum Penalty of Life. The jury found petitioner guilty of cocaine base that carries a maximum penalty of 240 months. Therefore, in Light of <u>DePierre</u>, the Rule of Lenity should apply in Petitioner's favor.

Motion (#5), at 1-2 (errors in the original). According to the 2009 Supplement to the Presentence Report, petitioner was convicted of Count 10- Distribute Cocaine Base, Count 11-Possession With Intent to Distribute Marijuana, Counts 12, 13 &14-Possession With Intent to Distribute Cocaine Base, was found to responsible for 64.4 grams of cocaine base and 128 grams of marijuana, with a Total Offense Level of 37 (Career Offender) and

-1-

Criminal History category of VII, petitioner had a guideline range of imprisonment from 360 months to life, plus 82 years consecutive. United States v. Rashaad, 3:01cr195, Supp. PSR (#131).

In DePierre v. United States, ___ U.S. ___, 131 S.Ct. 2225 (June 9, 2011), the Supreme Court held that the text of former 21 U.S.C. § 841(b)(1)(A)(iii), wherein 50 grams or more of "cocaine base" triggered a mandatory minimum 10–year sentence, did not simply encompass "crack cocaine," but rather any form of cocaine in its "basic form." In this case, the Indictment referenced "cocaine base" and the Supplemental Presentence Report specifically determined that defendant was responsible for 64.4 grams of cocaine base. Thus, DePierre provides no possible basis for relief to petitioner.

Despite the apparent lack of any relief under DePierre, the court will grant the Motion to Reconsider as such further review has revealed that petitioner's Motion to Vacate is a second or successive petition. Review of the criminal docket in 3:01cr195 reveals that petitioner has previously filed a petition under 28 U.S.C. § 2255, which was denied by another judge nearly six years ago. See Rashaad v. United States, 3: 04cv500-LHT (W.D.N.C.) (Order #105, July 13, 2006).[1] Petitioner's previous § 2255 filing and such denial makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* ( hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id.

> Before a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

---

[1] While petitioner indicated that he had previously filed a Section 2255 petition in this court, the form used did not ask whether petitioner had applied with the Court of Appeals for leave to file a second or successive petition. See Petition, at p. 5.

authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The court has, therefore, reconsidered its earlier Order dismissing petitioner's Motion to Vacate under Rule 4(b). It appearing that this is a second or successive petition and that petitioner has not received an Order from the Court of Appeals authorizing this court to consider the application, the court withdraws its Rule 4(b) determination and dismisses this petition without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner Motion to Reconsider (#5) is **GRANTED;** and
2. Petitioner's Motion to Vacate is **DISMISSED** without prejudice as a second or successive petition in accordance with Rule 4(b).

Petitioner is advised that before he can file a second or successive petition, he must apply to and receive an Order from the Court of Appeals authorizing his filing of a second or successive petition. 28 U.S.C. § 2244(b)(3)(A).

Signed: July 5, 2012

Max O. Cogburn Jr.
United States District Judge

-3-